UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CARLOS MARADIAGA,

    Applicant,

v.                                                         CASE NO. 8:25-cv-3443-SDM-AEP

JAIL WARDEN PINELLAS COUNTY
  as an ICE DETENTION FACILITY, *et al.*,

    Respondents.
_____/

## ORDER

Maradiaga applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges the lawfulness of his detention under Immigration and Nationality Act Section 235(b), as codified at 8 U.S.C. § 1225, which mandates detention, rather than Section 236(a), as codified at 8 U.S.C. § 1226, which allows for bond or release after an individualized custody review. An earlier endorsed order (Doc. 12) grants Maradiaga's motion (Doc. 2) for a temporary restraining order to the extent that the respondent is directed to not transfer Maradiaga outside of the Middle District of Florida before 12:00 pm (noon), Wednesday, December 24, 2025, which injunction was later extended until this action concludes. (Doc. 16) However, the injunction was moot when entered because the government had already transferred Maradiaga outside of this district before the injunction issued. (Docs. 14 at 3 and 18) The government admits that,

despite Maradiaga's transfer out of this district, this district court retains jurisdiction because jurisdiction was proper when Maradiaga filed this action. (Doc. 15 at 3, n.2)

An earlier order (Doc. 5) sets Monday, January 5, 2026, as the deadline for the government to respond to the Section 2241 application and allows seven days for Maradiaga to reply. An earlier order highlights in a footnote (Doc. 16 at 3) that the government purports to detain Maradiaga under a statute different from the one Maradiaga cites in his application:

> Maradiaga asserts entitlement to immediate release or an individualized custody review under Section 1226. In opposing the motion for injunctive relief, the respondent clarifies that Maradiaga is detained under 8 U.S.C. § 1231. Consequently, the parties must address whether Maradiaga is entitled to an individualized custody review when his detention is under Section 1231 and neither Section 1225 nor Section 1226, unless Maradiaga cites controlling precedent that applies Section 1226 to custody under Section 1231.

Instead of waiting until the January 5th deadline, the government expeditiously filed its response to the application on December 22 — two weeks early.* Consequently, Maradiaga's seven days to reply expired on December 29th. Maradiaga has not replied.

In 2005 Maradiaga was removed to his native county of Honduras but he unlawfully re-entered the United States purportedly later that same year and remained undetected until 2012. When immigration officials told him they intended to reinstate

---

\* The government docketed its response fifteen minutes before the order quoted above was docketed. (Docs. 15 and 16) Because of this timing, the district court was unaware of the response when it issued that order, and the response does not specifically address entitlement to a hearing under Section 1226 when custody is under Section 1231.

the prior removal order, Maradiaga asserted a fear of returning to Honduras.  Because an asylum officer confirmed that Maradiaga's fear was reasonable, Maradiaga was referred to the Executive Office for Immigration Review, which withheld Maradiaga's removal and released him under an order of supervision.  However, the removal order remains enforceable.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 531–32 (2021) ("If an alien is granted withholding-only relief, DHS may not remove the alien to the country designated in the removal order unless the order of withholding is terminated. §§ 208.22, 1208.22.  But because withholding of removal is a form of 'country specific' relief, nothing prevents DHS 'from removing [the] alien to a third country other than the country to which removal has been withheld or deferred,' §§ 208.16(f), 1208.16(f).") (internal citation omitted) (brackets original).  Nevertheless, the government retains the discretion to revoke the order of supervision "when . . . it is appropriate to enforce a removal order or to commence removal proceedings against an alien . . . ."  8 C.F.R. § 241.41(*l*)(2)(iii).  The government revoked Maradiaga's supervision and detained him when he reported as scheduled on December 15th; the next day Maradiaga filed this action.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021), explains that Sections 1226 and 1231 are mutually exclusive because each applies to persons in different situations.  "Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after.  Once an alien has been ordered removed from the United States in a removal proceeding under § 1229a and that order has been reinstated under § 1231(a)(5), 'the alien cannot go back in time, so to speak, to § 1226.'"

(quoting *Guzman Chavez v. Hott*, 940 F.3d 867, 888 (4th Cir. 2019) (Richardson, J. dissenting)).  Maradiaga's situation is the same as Guzman Chavez, specifically, he was removed from the United States under a final order of removal, unlawfully re-entered, and is detained under a reinstated removal order.  Maradiaga has no right to an individualized custody review because *Guzman Chavez*, 594 U.S. at 526, "concludes that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal."

    Maradiaga's application (Doc. 1) under Section 2241 is **DENIED**.  The clerk must enter a judgment against Maradiaga and **CLOSE** this case.

    ORDERED in Tampa, Florida, on January 6, 2026.

                                                          STEVEN D. MERRYDAY
                                                          UNITED STATES DISTRICT JUDGE